### FORT WORTH COTTON OIL CO. v. REEVES et al.  (No. 2573.)

(Court of Civil Appeals of Texas. Texarkana. May 23, 1922. Rehearing Denied June 1, 1922.)

Bailment ⊜14(2)—Bailee of cotton to gin and bale is liable for loss of the cotton.

One who received cotton from the owner under a contract to gin and bale it, and failed to exercise ordinary care and diligence to keep it safely, was liable for its loss before redelivery, being bound to keep safely and redeliver.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Suit by W. T. and L. C. Reeves against the Fort Worth Cotton Oil Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

The suit is one, as of conversion of a bale of cotton. The facts conclusively establish that on November 7, the appellees hauled a wagonload of seed cotton to appellant's gin to be ginned. Appellant received the cotton into its possession for the purpose of ginning it, and did gin and bale it on November 7. Appellees did not take the cotton into their possession, but went away and left it at the gin still in the possession of the appellant, returning to get it on November 11 and again on November 14. The bale of cotton could not be found, and appellees never got it. There is evidence to support the finding of fact that appellees never took the cotton into their possession, and that appellant had it in its possession. The jury found (and there is evidence to support the finding) that the appellant failed to exercise ordinary care in protecting and keeping safely the cotton after it was ginned and baled and to the time when appellees came for the cotton on November 11 and 14.

Capps, Cantey, Hanger & Short, of Fort Worth, for appellant.
E. W. Neagle, of Sherman, for appellees.

LEVY, J. (after stating the facts as above). Having received possession of the cotton for the purpose of ginning it, the appellant was under the legal duty to restore and redeliver the possession of the cotton, after it was ginned, to the appellees, and until it was redeliv-

ered or accepted by appellees the appellant's legal duty is not accomplished and terminated. Whether the appellant was prepared to keep the cotton after it was ginned is here immaterial; for, being in lawful possession of the cotton under contract to gin and bale it, it was legally required to keep it until its legal duty of redelivery was at least accomplished or terminated. It is an elementary general principle of law that a person in contractual possession of personal property belonging to another has the legal duty to redeliver the possession of such property, and until the possession is redelivered is legally bound to the owner for its safe-keeping and return. The appellant was required to exercise ordinary care and diligence in protecting and keeping safely the cotton until redelivered to the possession of the owners. Under the record appellant failed to use such care.

The assignments do not present such errors as authorize a reversal of the judgment.

The judgment is affirmed.